IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRISTAN SCORPIO,<br><br>     Plaintiff,<br><br>  vs.<br><br>SODEXO, INC. ETAT., KRISTELL "CHRIS" REYNOLDS, PAMELA REYNOLDS, SPODEXO, INC AND AFFILIATE COMPANIES., ET AL, and SODEXO LLC., (ET AL),<br><br>     Defendants. | **8:23CV282**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court upon review of Plaintiff's Amended Complaint, Filing No. 16, to determine whether summary dismissal is appropriate pursuant to 28 U.S.C. § 1915(e). In conducting this review, the Court will also address Plaintiff's "Motion Resistance to Case Dismissal and Abandonment of Claims for Response to Motion of Amended Complaint" (hereinafter "Resistance Motion"), Filing No. 17, "Inculpatory Evidence Affidavit" (hereinafter "Evidence Affidavit"), Filing No. 18, and "Status (Conference) Motion" (hereinafter "Status Motion"), Filing No. 20.

## I. BACKGROUND

Plaintiff filed his Complaint on June 27, 2023, against his former employer, Sodexo, Inc. ("Sodexo"); former Sodexo General Manager Kristell "Chris" Reynolds ("Reynolds"); Events Coordinator Pamela Reynolds ("Pamela"); and Senior Human Resources Specialist Shanice Smith ("Smith") alleging an employment discrimination claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), as codified, 42 U.S.C. §§ 2000e to 2000e-17. Filing No. 1. The Court granted Plaintiff leave to proceed in forma

pauperis and conducted an initial review of his Complaint on February 8, 2024 (hereinafter "initial review order"). Filing No. 15. The Court determined Plaintiff's Title VII claims could not proceed against Reynolds, Pamela, and Smith, nor could Plaintiff proceed on his claims of religion or national origin discrimination as he had failed to exhaust his administrative remedies as to those claims. Id. at 10–11. The Court further concluded that the Complaint failed to allege plausible Title VII discrimination, harassment, or retaliation claims on the basis of race, color, or gender/sex. Id. at 11–18. The Court gave Plaintiff leave "to file an amended complaint alleging sufficient facts to state a plausible claim for relief against Sodexo under Title VII if such allegations can be truthfully and plausibly alleged" and advised Plaintiff "that any amended complaint he files will supersede his original Complaint." Id. at 20.

Plaintiff filed his Amended Complaint on March 11, 2024, and named "Sodexo, Inc. & Affiliated Companies" and "Sodexo LLC" (collectively "Sodexo") as defendants in the caption. Filing No. 16 at 1. With his Amended Complaint, Plaintiff submitted physical copies of Sodexo benefit pamphlets and a flash drive containing, inter alia, electronic copies of 77 exhibits, all of which are referenced in his pleading. See Id. at 3–7.[1] Additionally, Plaintiff simultaneously filed his Resistance Motion, Filing No. 17, and Evidence Affidavit, Filing No. 18, both of which are also referenced in the Amended Complaint. See Filing No. 16 at 3. For purposes of reviewing Plaintiff's Amended Complaint, the Court considers the Resistance Motion and Evidence Affidavit as supplemental to the Amended Complaint. See NECivR 15.1(b).

The Court also notes that Plaintiff has sent several e-mails to the undersigned's chambers since the beginning of this year. The Court has not considered any of the

---

[1] Citations to exhibits contained on the flash drive will be cited as "Filing No. 16, Flash Drive, Ex. __."

materials e-mailed to the undersigned in reviewing Plaintiff's Amended Complaint as Plaintiff's e-mails are not properly filed and part of the Court record.  *See* NECivR 5.1(c) ("A document faxed or e-mailed to the clerk or assigned judge is not considered filed without a court order.").

## II.  SUMMARY OF AMENDED COMPLAINT

Plaintiff's Amended Complaint consists of a seven-page typed document which Plaintiff captions "Plaintiff Amended Complaint: Affidavit Interlocutory Expert Inculpatory Evidence Injunction Interrogatories to Memorandum and Order Motion Resistance to 28 U.S.C. § 1915(E)(2) Dismissal Order."  Filing No. 16 at 1.  As best the Court can tell, Plaintiff drafted his Amended Complaint to respond to the Court's initial review order, and he relies on the exhibits referenced in his pleading and included on the flash drive he submitted to "set[] forth factual allegations to nudge Plaintiff['s] claims across the line from conceivable to plausible."  *Id.* at 3.

Plaintiff lists a "Summary of Complaint Charge Against Defendants" on the first page, which consists of the following twenty "Charges":

1. Title VII of the Civil Rights Act of 1964;
2. Plaintiff Pay Check Extortion Theft IRS Civil Rights Laws. IRS Civil Rights Laws;
3. Title VII Employment Discrimination based on Race;
4. Title VII Employment Discrimination based on Color;
5. Title VII Employment Discrimination based on Religion;
6. Title VII Employment Discrimination based on Sex;
7. Title VII Employment Discrimination based on National Origin;
8. Civil Rights Act of 1991 (Pub. L. 102-166) (CRA);
9. Ledbetter Fair Pay Act of 2009 (Pub. L. 111-2) amended several sections of Title VII;
10. TITLE 42 – The Public Health & Welfare ss. 2000d-5 to any program or activity under which Federal Financial Assistance is extended by way of a contract of insurance or guaranty;
11. 42 USC 2000 – Other Unlawful employment practices ss 2000e-3;

12. Sex Discriminations two major categories of sexual harassment. 1) quid pro quo 2) hostile work environment section 50.4.2 Title VII & Hostile Work Environment;
13. Executive Order 11022;
14. Executive Order 11246;
15. Executive Order 11478;
16. Executive Order 11480;
17. Executive Order 11830;
18. Executive Order 12106;
19. Cases of Disparate Impact;
20. Cases of Disparate Abuse Treatments.

Filing No. 16 at 1.  Plaintiff then sets forth a summary listing of the 77 exhibits on the flash drive provided with his Amended Complaint without any clear explanation as to how the exhibits support his charges.  *Id*. at 3–6.

Plaintiff alleges Sodexo discriminated against him "based on race (biracial), color ('caramel'), gender/sex ('male, sexual orientation'), religion, and national origin" and references "NEOC attachment exhibit #22, 23, 24, 25, 26 including exhibit # 1, 2, 3, 4" as providing Plaintiff's "Preponderance of the Evidence Transcript."  *Id*. at 2.  Exhibits 22 through 26 referenced by Plaintiff consist of communications between Plaintiff and the Nebraska Equal Opportunity Commission ("NEOC") about a draft charge of discrimination against Sodexo, of which Plaintiff did not approve.  *Id*. at 4, Flash Drive, Exs. 22–26.  Rather, it appears Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") and may have incorporated the NEOC draft charge into his EEOC charge.  *Id*. at 6, Flash Drive, Ex. 62.  The EEOC charge and the NEOC draft charge appear to be the same as the charges attached to Plaintiff's Complaint except for Plaintiff's signature appearing on the EEOC charge in Exhibit 62 and differences in the handwritten notations appearing on the charges.  *Compare* Filing No. 1 at 17–18, 22–23 *with* Filing No. 16 at 6, Flash Drive, Ex. 62.  The Court discussed

Plaintiff's discrimination charges in its initial review order and incorporates that discussion here rather than repeating it.  Filing No. 15 at 3–6.

Exhibits 2 through 4 also referenced by Plaintiff include e-mail communications regarding Plaintiff's requests for, and efforts to obtain, free counseling services from Sodexo after taking his leave of absence.  Filing No. 16 at 3, Flash Drive, Ex. 2–4. Exhibit 1 consists of an "Off the Record Letter for courts comprehension and visual understanding of inculpatory evidence" addressed to the undersigned which describes how Sodexo hired an unqualified white female to the direct supervisor position who Plaintiff then had to train and makes conclusory allegations about Sodexo creating a toxic work environment and violating Title VII.  Id., Flash Drive, Ex. 1.

On page 2 of his Amended Complaint, Plaintiff responds to two specific portions of the Court's initial review order.  First, Plaintiff cites to the Court's description of Plaintiff's Witness Statement about his "experiences of alleged discrimination and harassment with his immediate supervisor, Catering Manager Christopher 'Bryce' Allen ('Allen'), a white male," Filing No. 15 at 2 (citing Filing No. 1 at 24–40), and "[o]bjects to discrimination of treatment due to 'upper management legal right.'  If Defendants employee is upper management[,] Plaintiff should not be training such executives especially when Defendant won[']t train Plaintiff."  Filing No. 16 at 2.

Second, Plaintiff takes issue with footnote 3 of the initial review order in which the Court stated it was unclear how documents attached to the Complaint regarding Plaintiff's "proposals for future construction projects at Creighton University, Filing No. 1 at 44–45, and Plaintiff's conflicts with the City of Omaha regarding developing Plaintiff's real property, Id. at 19–21," related to his employment discrimination claim.  Filing No.

15 at 2 n.3. Plaintiff explains that the documents were presented because Plaintiff had informed Sodexo's "entire staff of reason for the employment was to save finances to build Plaintiff real estate ownerships, including Plaintiff hosting the Defendants['] 'Creighton University's Real Estate Development Team' and 'New Perspective Student Events,'" and Plaintiff "experienced the listed 1-20 alleged charges for speaking of such legitimate and valuable business matters [with Sodexo's] Client." Filing No. 16 at 2–3. From this and other statements in his Evidence Affidavit, Plaintiff seems to accuse Sodexo of conspiring to "slander" Plaintiff "via News Reporting Stories and County Court Action Cases, including Solicitations of Nebraska Senators to act as enforcers of public humiliation slander, including solicitations of community gang stalkers to further murder [and] assault Plaintiff" in December 2023 when someone shot at Plaintiff's property as retaliation for filing his charge of discrimination. Filing No. 18 at 2.

The only factual allegations in Plaintiff's Amended Complaint consist of allegations that Reynolds subjected her step-daughter, Pamela, to "parent physiological abuse [and] direct abuse trauma" while they both worked at Sodexo, which Plaintiff had to witness, and that Reynolds permitted Pamela, who was underage, to "work events as a volunteer employee who can accept tips [for] over 20 hours a week without informing IRS." Filing No. 16 at 2. Plaintiff also appears to allude to other employees who were placed at Sodexo by Omaha Work Staffing, as Plaintiff was prior to accepting a position directly with Sodexo, who also experienced the same 20 "Charges" that Plaintiff did. Id.; see also Filing No. 17 at 1. Plaintiff also alleges Sodexo violated Title VII by not providing "Plaintiff access: to work computers, company email as needed to process or apply to Defendants['] solicitations of benefits" that were mailed to him and cites to the

6

physical copies of the Sodexo benefit pamphlets Plaintiff provided with his Amended Complaint.  Filing No. 16 at 6–7, Ex. 78–82 (punctuation as in original).

Plaintiff closes his Amended Complaint with a picture of himself and a current Sodexo employee with two individuals dressed in scary clown costumes "for [the] court[']s comprehension regarding the true nature of the toxic work environment Title VII Violating Alleged Illegal Better Business Practices."  Filing No. 16 at 7.  Plaintiff alleges:

> The entire Action of Plaintiff could have been easily avoided if Defendants would have simply not violated the alleged Title VII Federal Violations and provided Plaintiff Mental Health Therapy services for having to endure supervising and working in an alleged Title VII Violating Work Environment where females are allowed to dress half naked, have sexual intercourse during work environments, allowed to discuss sexual actives.  Where as Plaintiff must wear all black, having to endure work "Discord Gas Lighting Corrosive Control Discrimination Toxic Work Place Illegal Operating Environments" for acting professional and not wanting to disclose or partake in conversations of Sexual Nature which violates Plaintiff Orthodox Christian Religion.  Plaintiff did attend Creighton Prep High school and is familiar how to professionally operate in Religious Conservative Institutions.  This action of Plaintiff caused excessive work discrimination of jealous discord Title VII Federal Violations alleged.

Id. (spelling and punctuation as in original).

## III.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  See 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## IV. DISCUSSION

Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure.  *See, e.g.*, *Williams v. Harmon*, 294 Fed. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure). Among other procedural requirements, parties must formulate their pleadings in an organized and comprehensible manner:

> Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought." Federal Rule of Civil Procedure 8(d)(1) provides that, although no technical form of pleading is required, each claim must be simple, concise and direct. Federal Rule of Civil Procedure 10(b) directs parties to separate their claims within their pleadings and provides that each claim should be limited as far as practicable to a single set of circumstances. In addition, Rule 10(b) makes clear that each claim that is founded on a separate transaction or occurrence must be stated in a separate count when doing so would promote clarity.

*McPeek v. Unknown Sioux City DEA Officers*, No. C17-4011-LTS, 2017 WL 1502809, at *3 (N.D. Iowa Apr. 25, 2017), *aff'd sub nom. McPeek v. Sioux City DEA Unknown Officers*, No. 17-2030, 2017 WL 5440036 (8th Cir. Sept. 29, 2017).

The primary purpose of Rule 8 is to allow the Court and an opposing party to understand whether a valid claim is alleged and, if so, what it is; the complaint must be sufficiently clear so the Court or an opposing party is not required to keep sifting through it in search of what it is plaintiff asserts. *Cody v. Loen*, 468 Fed. App'x 644, 645 (8th Cir. 2012) (per curiam) (unpublished opinion) (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994)). "A litigant cannot ignore [his] burden of developed pleading and expect the district court to ferret out small needles from diffuse haystacks." *Murillo v. Kittelson*, No. 8:19CV571, 2020 WL 3250231, at *3 (D. Neb. June 16, 2020) (quoting *United States v. Slade*, 980 F.2d 27, 31 (1st Cir. 1992)).

Here, Plaintiff's summary list of charges coupled with his listing of over eighty exhibits with little to no explanation of their relevance does not comport with Rules 8 and 10. In addition, Plaintiff's disjointed and confusing Amended Complaint cannot be said to fairly apprise Sodexo of the nature and basis or grounds for his claims. *See Topchian*, 760 F.3d at 848. Plaintiff's Amended Complaint also does not allege facts to support any of the twenty "charges" that Plaintiff lists. As the Supreme Court has explained, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (internal citation omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

9

Moreover, the Court has carefully reviewed all of the exhibits Plaintiff submitted in support of his Amended Complaint, and, even when liberally construed, Plaintiff's exhibits and Amended Complaint fail to state a plausible claim under Title VII upon which relief may be granted. Neither Plaintiff's allegations nor the contents of his exhibits correct the deficiencies identified in the Court's initial review order—Plaintiff does not allege facts from which a reasonable inference can be drawn that Sodexo discriminated against him on the basis of his race or sex, his allegations do not suggest conduct severe enough to support a hostile work environment claim, and he does not allege facts suggesting he suffered an adverse employment action in retaliation for any protected conduct. Rather, the retaliation Plaintiff alleges in his Amended Complaint and Evidence Affidavit occurred after his termination and the filing of his discrimination charge, and, as the Court noted in its initial review order, "Plaintiff's conclusory allegations that Sodexo is attempting to execute Plaintiff based on unrelated Douglas County court cases are unsupported by facts and do not appear based in reality." Filing No. 15 at 19. As such, Plaintiff's Amended Complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

## V. OTHER PENDING MOTIONS

### A. Resistance Motion

In his Resistance Motion, Plaintiff asks the Court to subpoena various individuals who work for or used to work for Sodexo "to provide the Courts 'fair notice of the nature and basis or grounds for a claim that supports Plaintiff setting forth enough factual allegations to 'nudge' Plaintiff['s] claims across the line from conceivable to plausible." Filing No. 17 at 2.

Because the Court has determined that the Amended Complaint fails to state a claim for relief and must be dismissed, no discovery in this matter may take place.  *See* NECivR 16.1(c) (no discovery may take place in pro se cases until after defendants have answered and court enters progression order).  Regardless, Plaintiff does not describe what information these individuals would provide, and whatever information they could provide does not relieve Plaintiff of his obligation to allege sufficient facts in his Amended Complaint to state a plausible claim for relief.  Accordingly, Plaintiff's Resistance Motion is denied.

**B. Status Motion**

On April 25, 2024, Plaintiff filed his Status Motion.  Filing No. 20.  Despite its caption, Plaintiff does not inquire as to the status of his case.  Indeed, it is unclear what relief Plaintiff seeks in his Status Motion.  As best the Court can tell, Plaintiff appears to claim Sodexo committed "IRS Fraud Guilt" by withholding more money from Plaintiff's pay for "the company 401K Benefits plan" than Plaintiff authorized and asks the Court to accept the records Plaintiff offers in support of this claim.  *Id*. at 1.

Plaintiff states he was terminated in October or November of 2022, he had unenrolled from the 401K plan early in his employment, and he received his final 401K payment of $108.20 from Sodexo.  Plaintiff claims his statement from January 1, 2023, to March 31, 2023, which he attached to his Status Motion, shows an account value of $168.67 with two 12% deductions totaling 24% deductions from Plaintiff's payroll.  *Id*. However, Plaintiff's statement does not show two 12% deductions that the Court can see; rather, the statement shows two notations of investment performance in the amount of .12%.  *Id*. at 2.  In any case, Plaintiff admits he received a final payment from

11

Sodexo for his 401K, and the amount above Plaintiff's payment amount on the statement correlates to his employer's contributions which he was not entitled to as indicated by his exhibits. *See* Filing No. 16 at 6, Flash Drive, Ex. 74; Filing No. 20 at 1. Accordingly, to the extent Plaintiff seeks any relief from this Court related to his Status Motion, such relief is denied.

## VI.  CONCLUSION

Upon careful review, Plaintiff's Amended Complaint fails to state a plausible claim for relief and is, thus, subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2).  The Court will dismiss Plaintiff's Amended Complaint with prejudice as further amendment would be futile.  *See Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 758 (8th Cir. 2021) (court did not abuse its discretion in dismissing action with prejudice under Rule 12(b)(6) where plaintiff had been given opportunity to amend); *Kraft v. Essentia Health*, 604 F. Supp. 3d 813, 826–27 (D.N.D. 2022) ("A dismissal with prejudice is also appropriate when a plaintiff has shown 'persistent pleading failures' despite receiving an opportunity to amend.").

IT IS THEREFORE ORDERED that:

1.     This matter is dismissed with prejudice for failure to state a claim upon which relief may be granted.

2.     The Court will enter judgment by a separate document.

3.     Plaintiff's Resistance Motion, Filing No. 17, and Status Motion, Filing No. 20, are denied.

Dated this 6th day of May, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge