IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRISTAN SCORPIO, | |
| Plaintiff, | **8:23CV282** |
| vs. | |
| | **MEMORANDUM AND ORDER** |
| SODEXO, INC. ETAT., KRISTELL "CHRIS" REYNOLDS, PAMELA REYNOLDS, SPODEXO, INC AND AFFILIATE COMPANIES., ET AL, and SODEXO LLC., (ET AL), | |
| Defendants. | |

This matter is before the Court on Plaintiff's "Motion to Void Judgement for Motion for Default Judgement in favor [sic] of Plaintiff" (the "Motion to Void Judgment"), Filing No. 23, filed on May 20, 2024, and "Motion to Void Judgement (also known as) Motion to Vacate Judgement (Clarification Motion)" (the "Clarifying Motion"), Filing No. 24, filed on October 10, 2024.  In the Clarifying Motion, Plaintiff clarifies that his Motion to Void Judgment seeks relief from the Court's May 6, 2024, Memorandum and Order, Filing No. 21, and Judgment, Filing No. 22, dismissing this case with prejudice for failure to state a claim upon which relief may be granted.  Because Plaintiff has not indicated which provision of the Federal Rules of Civil Procedure he is relying upon in making the Motion to Void Judgment, it may be treated either as a Rule 59(e) motion to alter or amend judgment or as a Rule 60(b) motion for relief from judgment.[1]  *See Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988).  But whichever rule is applied, the Motion to Void Judgment fails.

---

[1] A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment."  Fed. R. Civ. P. 59(e).  A Rule 60(b) motion "must be made within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  Plaintiff's Motion to Void Judgment was timely filed on May 20, 2024.

Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.*

Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

Liberally construed, Plaintiff argues that the allegations of his Amended Complaint, Filing No. 16, and the evidence he offered in support of his pleadings, Filing No. 18, are sufficient to state a claim for relief, or, alternatively, the allegations would be sufficient if the Court would conduct further investigation as Plaintiff requested. Filing No. 23. Plaintiff essentially asks the Court to reexamine the Amended Complaint's allegations and reach a different conclusion. However, the Court considered the Amended Complaint's allegations and Plaintiff's supporting evidence upon initial review,

and Plaintiff has not presented any basis for the Court to reach a different conclusion now.  Moreover, to the extent Plaintiff asks the Court to conduct further investigation of his allegations and subpoena video evidence to "provide . . . verifying facts of Plaintiff inculpatory evidence against Defendants['] alleged guilt," Filing No. 24 at 1 (capitalization altered), such investigation or evidence, if it exists, does not correct the deficiencies of the Amended Complaint.  The Court assumed the truth of Plaintiff's allegations, but, even liberally construed, those allegations did not state a plausible Title VII claim.  The Court understands that Plaintiff, as he alleges, endured an unpleasant work environment, but, unfortunate as that may be, Plaintiff's allegations do not show that a Title VII violation occurred.  *See Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 806 (8th Cir. 2013) ("The standard for demonstrating a hostile work environment under Title VII is demanding, and does not prohibit all verbal or physical harassment and it is not a general civility code for the American workplace." (internal quotation marks and citation omitted)).

Accordingly, upon consideration of Plaintiff's Motion to Void Judgment and Clarifying Motion, the Court concludes Plaintiff has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the Court's judgment of dismissal.  He has not shown that the dismissal was the result of manifest error of law or fact nor has he presented any "extraordinary circumstances" justifying relief.  Thus, Plaintiff has failed to establish sufficient grounds for setting aside the

Court's judgment under Rule 59(e) or Rule 60(b), and the Motion to Void Judgment will be denied and the Clarifying Motion will be denied as moot.[2]

     IT IS THEREFORE ORDERED that:

     1.    Plaintiff's Motion to Void Judgment, Filing No. 23, construed as a motion pursuant to either Rule 59(e) or Rule 60(b), is denied.

     2.    Plaintiff's Clarifying Motion, Filing No. 24, is denied as moot.

Dated this 15th day of October, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

---

[2] Plaintiff is advised that, to seek appellate review of this denial, a separate notice of appeal must be filed to challenge this order.  Plaintiff's Notice of Appeal, Filing No. 25, filed on October 10, 2024, before the Court entered this order, is not effective to appeal this order.  *See* Fed. R. App. P. 4(a)(4)(B)(ii).

4